UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; and VIACOM INTERNATIONAL, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHAT BUI and DOES 1-10, D/B/A PUBFILM.COM, PUBFILMNO1.COM, PUBFILMHD.COM, PIDTV.COM, TOP100FILM.COM, and IDMCA.NET, <br><br> *Defendants*. | CIVIL ACTION NO. _____ <br><br> **COMPLAINT** <br><br> **[FILED UNDER SEAL]** |

Plaintiffs, by and through their counsel, on personal knowledge as to their own actions and on information and belief as to the actions of others, hereby allege the following:

**INTRODUCTION**

1. Defendants own, operate and promote a ring of at least six interconnected websites under the names "PubFilm", "PubFilmHDNo1", "PubFilmHD", "PidTV", "Top100Film" and "iDMCA" (hereinafter the "PubFilm Websites") whose purpose is to profit from the infringement of copyrighted works. Through these websites, Defendants illegally reproduce, stream, distribute and facilitate the further reproduction and distribution of vast numbers of unauthorized copies of many of the world's most popular motion pictures and television programs, including works whose copyrights Plaintiffs own or exclusively control.

2. The PubFilm Websites prominently feature and promote for on-demand streaming and download a collection of "top" motion pictures that are currently licensed for viewing only in theaters as well as television shows still in current first-run release. Defendants identify and curate these infringing works by the particular piracy method by which each unauthorized copy was made, such as "Cams" (meaning that the copy was illegally recorded in a movie theater), "WebRips" (meaning that the copy was illegally captured from a streamed version online), or "HDRips" (meaning that the copy was illegally ripped from a high-definition source).

3. The scale of Defendants' infringement is massive. The PubFilm Websites collectively draw more than eight million visits each month, nearly forty percent of which are from users located in the United States, making the sites among the most popular motion picture and television pirate streaming websites in the country. Defendants' illegal enterprise inflicts tremendous and irreparable damage on Plaintiffs' business and erodes the legitimate marketplace for access to Plaintiffs' motion pictures and television programs.

4. Defendants profit from their operation of the PubFilm websites by displaying advertisements on the websites. Through the unauthorized distribution and/or public performance of free, popular motion pictures and television programs, Defendants are able to attract millions of users to the PubFilm websites and thereby generate substantial ill-gotten advertising revenues.

5. Defendants operate the PubFilm websites under aliases and have hidden their true identities by providing false publicly-accessible WHOIS domain name registration information, in violation of ICANN (the Internet Corporation for Assigned Names and Numbers) and domain name registrar policies. Although Defendants' precise location is unknown, it is believed that Defendants operate the PubFilm websites from a location in Vietnam.

6. Defendants' entire business amounts to nothing more than a blatant, large-scale copyright infringement operation, undertaken to maximize ill-gotten profits while evading the enforcement efforts of copyright owners. Plaintiffs bring this action to put an end to Defendants' ongoing, massive violation of Plaintiffs' rights and to recover damages therefrom.

## NATURE OF THE ACTION

7. This is a civil action seeking equitable relief and damages for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), and unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121.

9. Defendants are subject to the jurisdiction of this Court pursuant to N.Y. C.P.L.R. § 302(a)(1), (a)(3)(i) and (a)(3)(ii) because (1) they transact business in New York, including the engagement of the services of a website hosting provider in New York; (2) they committed numerous tortious acts outside New York while regularly conducting or soliciting business or deriving substantial revenue from goods used or services rendered in New York, including by reproducing, distributing and performing infringing copies of Plaintiffs' copyrighted works to New York users; (3) the causes of action arose from those tortious acts; (4) the tortious acts caused an injury to a Plaintiff that maintains either headquarters or offices in New York and/or that conducts substantial business in the state; (5) Defendants expected or should have reasonably expected their acts to have consequences in New York; and (6) Defendants have derived substantial revenue from interstate or international commerce.

10. Defendants are also subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(2). Defendants have targeted their infringing sites to a U.S. audience, they have marketed them to millions of U.S. users, and they have entered into various agreements with third parties in the U.S. in furtherance of their unlawful activities, including domain name registrars, website hosts, advertising networks and Internet Service Providers.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and (d) and/or 28 U.S.C. § 1400(a) in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Defendants are not, on information and belief, residents of the United States.

## THE PARTIES

**Plaintiffs**

12. Plaintiffs are businesses that, either directly or through their affiliates, are responsible for creating and distributing some of the most popular and critically-acclaimed motion pictures and television shows in the world.

13. Plaintiffs, either directly or through their affiliates, distribute and/or license copies of their copyrighted works in the form of DVDs, Blu-Ray discs and other tangible media throughout the United States, including in New York, and distribute, publicly perform, and/or license their copyrighted works in the form of digital files through legitimate and authorized on-demand streaming services, such as Netflix, Hulu, iTunes and Amazon Prime, which are available throughout the United States, including in New York.

14. Under the Copyright Act, Plaintiffs have the exclusive rights, among other things, to "reproduce the copyrighted work[s]," to "distribute copies … of the copyrighted work[s] to the public," to "perform the copyrighted work[s] publicly," as well as to authorize or license such activities. 17 U.S.C. § 106.

15. Each of these Plaintiffs owns or controls the copyrights and/or exclusive reproduction, distribution and performance rights to numerous popular motion pictures and television programs infringed by Defendants ("Plaintiffs' Works"), including for illustrative purposes those listed on Exhibit A hereto. Each Plaintiff has received Certificates of Copyright Registration from the Register of Copyrights for the copyrighted Works listed on Exhibit A hereto.

16. Each of these Plaintiffs owns the entire right, title and interest in and to certain valid and subsisting trademarks, service marks and/or design marks ("Plaintiffs' Marks"), many of which have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, for use in connection with various types of goods and services, including the types of goods and services that are the subject of this Complaint. An illustrative list of Plaintiffs' Marks that Defendants have infringed, and continue to infringe, is set forth in Exhibit B hereto.

17. Plaintiff Warner Bros. Entertainment, Inc. ("Warner Bros.") is a corporation organized and existing under the laws of Delaware, having its principal place of business in Burbank, California.

18. Plaintiff Twentieth Century Fox Film Corporation ("Fox") is a corporation organized and existing under the laws of Delaware, having its principal place of business in Los Angeles, California.

19. Plaintiff Columbia Pictures Industries, Inc. ("Columbia Pictures") is a corporation organized and existing under the laws of Delaware, having its principal place of business in Culver City, California.

20. Plaintiff Universal City Studios LLC is a limited liability company organized and existing under the laws of Delaware, having its principal place of business in Universal City, California.

21.     Plaintiff Universal Studios Home Entertainment LLC (collectively with Universal City Studios LLC, "Universal") is a limited liability company organized and existing under the laws of Delaware, having its principal place of business in Universal City, California.

22.     Plaintiff Disney Enterprises, Inc. ("DEI") is a corporation organized and existing under the laws of Delaware, having its principal place of business in Burbank, California.

23.     Plaintiff Paramount Pictures Corporation ("Paramount") is a corporation organized and existing under the laws of Delaware, having its principal place of business in Los Angeles, California.

24.     Plaintiff Viacom International, Inc. ("Viacom") is a corporation organized and existing under the laws of Delaware, having its principal place of business in New York, New York.

**Defendants**

25.     Defendants own and operate several interrelated websites, including PubFilm.com, PubFilmno1.com, PubFilmhd.com, PidTV.com, Top100film.com and Idmca.net (collectively, the "PubFilm Websites").

26.     Defendants Phat Bui and Does 1-10 d/b/a the PubFilm Websites are individuals who own and/or operate the PubFilm Websites, but whose legal or personal identities and true addresses are currently unknown to Plaintiffs.

27.     Defendants reside and operate the PubFilm Websites from outside the United States, specifically in Vietnam.

## BACKGROUND FACTS

28.     Defendants operate and control the PubFilm Websites under the brand names "PubFilm" and "PidTV" and the  and  logos.

29. The PubFilm Websites provide on-demand streaming performances of infringing copies of Plaintiffs' Works and allow users to download unauthorized copies of those Works.

30. The PubFilm Websites allow users to access the infringing copies of Plaintiffs' Works through links to computer servers on which those infringing copies are hosted. Defendants uploaded most, if not all, of the infringing copies of Plaintiffs' Works that are available on those computer servers.

31. The infringing nature of the PubFilm Websites' offerings is obvious from even a cursory glance.  For instance, the home page of the PubFilm.com website prominently displays some of the latest and most popular motion pictures – including unauthorized copies of promotional artworks for those motion pictures, which are themselves copyrighted works and contain Plaintiffs' well-known and registered trademarks – on offer for streaming and download by users:



7

32.     With a simple click on the corresponding promotional artwork, users of the PubFilm Websites can view unauthorized copies of Plaintiffs' Works and, using an in-page video player that Defendants built into the PubFilm Websites, can also download unauthorized copies of the Plaintiffs' Works directly to their own computers.  Users can easily search the PubFilm Websites for the content they seek, including by user-friendly categories of genres (*e.g.*, comedy, action, adventure, etc.) that Defendants curate and provide.  Additionally, each infringing work is given its own page on the PubFilm Websites where users can see a larger version of the promotional artwork, detailed information about the work such as a plot synopsis, IMDB and Rotten Tomatoes ratings, and information about the principal cast and director.  For example, the page for the recent and popular feature film "Pete's Dragon" (owned by Plaintiff DEI) appears on PubFilm.com as follows:



33. Plaintiffs have not authorized Defendants to perform, reproduce, distribute, display or otherwise exploit Plaintiffs' Works in any way. Indeed, many of Plaintiffs' Works that Defendants provide to users on the PubFilm Websites are still in limited commercial release, such as movies available only in theaters and not yet available via authorized licenses for streaming online. Moreover, Defendants note prominently on the promotional artworks for the Works whether each copy is, for instance, a "Cam" (*i.e.*, a copy illegally recorded in a movie theater), "HDRip" (*i.e.*, a copy illegally ripped from a protected high-definition source) or "WebRip" (*i.e.*, a copy illegally made from a streamed version online).

34. The PubFilm Websites are "closed" websites that do not allow users to make additions or changes to the PubFilm Websites or the content available through them. In other words, Defendants are solely responsible for the content on the PubFilm Websites and the selection of Plaintiffs' Works that can be streamed or downloaded through the PubFilm Websites.

35. Defendants generate revenue by displaying digital advertisements throughout the PubFilm Websites. To increase advertising revenue, Defendants drive visitor traffic to the PubFilm Websites through various methods. For example, Defendants promote the PubFilm Websites through the use of metadata and keywords designed to maximize the PubFilm Websites' visibility and priority in search results from Internet search engines. The metadata for the PubFilm Websites include such terms as "Watch movie and TV Show PubFilm HD Free," "watch movies online free full hd" and "watch movie high speed no ads." Defendants' promotion also includes the use of searchable keywords to describe the infringing content on the PubFilm Websites as "New Movies," in "HD" (*i.e.*, high definition) and "New Series," as well as references to other notorious websites that have been the subject of criminal prosecution (such as

"kickass.to" and "thepiratebay.se") to draw users seeking infringing content to the PubFilm Websites.

## COUNT ONE

## DIRECT COPYRIGHT INFRINGEMENT

36. Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37. Defendants, without permission or consent of Plaintiffs, reproduce, distribute and display unauthorized copies of Plaintiffs' Works and/or engage in unauthorized public performances of Plaintiffs' Works to users in the United States and throughout the world, including but not limited to those copyrighted works in Exhibit A hereto. Such reproduction, distribution, display and/or public performance constitutes infringement of Plaintiffs' registered copyrights and the exclusive rights under copyright in violation of 17 U.S.C. § 106(1), (3), (4) and (5).

38. Each infringing reproduction, distribution, display or public performance of Plaintiffs' Works constitutes a separate and distinct act of infringement.

39. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

40. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Defendants' profits from infringement, in amounts to be proven at trial.

41. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

42. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury for which there is no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting infringement of Plaintiffs' exclusive rights under copyright.

## COUNT TWO
## SECONDARY COPYRIGHT INFRINGEMENT

43. Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44. Defendants operate the PubFilm Websites with the object of promoting their use to infringe Plaintiffs' copyrights.

45. Defendants knowingly and intentionally induce, entice, persuade, and cause the infringement of Plaintiffs' copyrights in Plaintiffs' Works in the United States and throughout the world via the operation of the PubFilm Websites, including but not limited to those works listed in Exhibit A hereto.

46. Through these activities, among others, Defendants knowingly and intentionally take steps that are substantially certain to result in direct infringement of Plaintiffs' Works, including but not limited to those works listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

47. Despite their knowledge that infringing material is made available to users by means of the PubFilm Websites, Defendants have failed to take reasonable steps to minimize the infringing capabilities of the PubFilm Websites.

48. Defendants are liable for the infringing acts that occur through the use of the PubFilm Websites. Defendants have actual and constructive knowledge of this infringing activity. Defendants knowingly cause and otherwise materially contribute to these unauthorized reproductions of Plaintiffs' Works, including but not limited to those works listed in Exhibit A hereto.

49. Defendants have the right and ability to supervise and control the infringing activities that occur through the use of the PubFilm Websites, and at all relevant times have derived a direct financial benefit from the infringement of Plaintiffs' copyrights. Defendants have refused to take any meaningful action to prevent the widespread infringement that occurs via the PubFilm Websites. Defendants are therefore liable for the infringement of Plaintiffs' copyrights via the PubFilm Websites, including but not limited to those works listed in Exhibit A hereto.

50. The infringement of Plaintiffs' rights in each of Plaintiffs' Works constitutes a separate and distinct act of infringement.

51. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

52. As a direct and proximate result of Defendants' infringement of Plaintiffs' exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Defendants' profits from infringement, in amounts to be proven at trial.

53. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

54. Defendants' conduct is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury for which they have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary injunction and a permanent injunction prohibiting infringement of Plaintiffs' exclusive rights under copyright.

## COUNT THREE

## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

55. Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 54 as if fully set forth herein.

56. Plaintiffs' Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and incalculable value. The Marks are highly distinctive and have become universally associated in the public's mind with Plaintiffs' Works and Plaintiffs' related products and services.

57. Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in Plaintiffs' Marks, Defendants have advertised, promoted, marketed, publicly performed and distributed infringing copies of Plaintiffs' Works to consumers in the United States and throughout the world and profited from those activities by selling advertising space on the PubFilm Websites, in direct competition with Plaintiffs' performance and distribution of genuine copies of Plaintiffs' Works.

58. Defendants' use of copies or simulations of Plaintiffs' Marks (including but not limited to those Marks listed in Exhibit B hereto) in conjunction with the PubFilm Websites and the attendant availability of infringing copies of Plaintiffs' Works is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the infringing copies, and such use is likely to and does deceive the public into believing the

infringing copies originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation and goodwill.

59. Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will suffer and continue to suffer irreparable harm and injury to their respective goodwill and reputations, and to the goodwill and reputation of Plaintiffs' Marks.

60. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to Plaintiffs' great and irreparable injury.

61. Defendants have caused and are likely to continue to cause substantial injury to the public and to Plaintiffs. Plaintiffs are entitled to injunctive relief to restrain and prevent Defendants' ongoing infringing conduct and to recover Defendants' profits, treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT FOUR

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

62. Plaintiffs repeat and reallege every allegation contained in paragraphs 1 through 61 as if fully set forth herein.

63. The infringing copies provided by Defendants are of the same nature and type as Plaintiffs' Works and, as such, Defendants' use of Plaintiffs' Marks is likely to cause confusion to the general public.

64. By misappropriating and using Plaintiffs' Marks and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the infringing copies of Plaintiffs' Works and create a likelihood of confusion by consumers and others as to the source of such merchandise.

65. Defendants' unlawful, unauthorized and unlicensed advertisement, promotion, marketing, public performance and distribution of infringing copies of Plaintiffs' Works to

consumers in the United States and throughout the world and their profit from those activities by selling advertising space on the PubFilm Websites creates express and implied misrepresentations that the infringing copies were created, authorized or approved by Plaintiffs, all to Defendants' profit and to Plaintiffs' great damage and injury.

66. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of Plaintiffs' Marks, in connection with Defendants' goods, in commerce, constitutes a false designation of origin and unfair competition.

67. Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will suffer and continue to suffer irreparable harm and injury to their respective goodwill and reputations, and to the goodwill and reputation of Plaintiffs' Marks.

68. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to Plaintiffs' great and irreparable injury.

69. Defendants have caused and are likely to continue to cause substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For a declaration that:

    a. Defendants' activities as alleged herein constitute direct and secondary copyright infringement of Plaintiffs' exclusive rights under copyright in violation of 17 U.S.C. § 106(1), (3), (4) and (5);

      b. Defendants' activities as alleged herein constitute trademark infringement in violation of Plaintiffs' rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114; and

      c. Defendants' activities as alleged herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2.    For such equitable relief under Titles 15, 17 and 28, and this Court's inherent equitable powers, as is necessary to prevent or restrain infringement of Plaintiffs' Marks and Plaintiffs' copyrights, including preliminary and permanent injunctions: (a) requiring Defendants to cease and desist from the operation of the PubFilm Websites, and (b) prohibiting Defendants and their officers, agents, servants, employees, attorneys, and others in active concert or participation with any of them from:

      i.    using Plaintiffs' Marks in any manner in connection with the advertising, offering for sale, or sale of any service or product not provided by or authorized by Plaintiffs;

      ii.    committing any acts calculated to cause purchasers to believe that Defendants' services are those offered under Plaintiffs' control and supervision or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

      iii.    further infringing any of the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

      iv.    otherwise competing unfairly with Plaintiffs in any manner;

      v.    further infringing any of Plaintiffs' copyrights, including but not limited to the copyrights in Plaintiffs' Works listed in Exhibit A; and

        vi.    transferring or performing any act or function that results in the transfer, to anyone other than Plaintiffs, of the ownership, registration or other form of control of any domain name or domain names for any of the PubFilm Websites (the "PubFilm Domain Names").

3.    For entry of an Order requiring Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with paragraph 2 of this Prayer for Relief, *supra*.

4.    For entry of an Order requiring that the domain name registrars and registries for the PubFilm Domain Names, including without limitation VeriSign, Inc., Enom, Inc., and GoDaddy.com, LLC, to (a) disable the PubFilm Domain Names, through a registry hold or otherwise, to render them inactive and non-transferable to anyone other than Plaintiffs, and (b) transfer the PubFilm Domain Names to a registrar to be appointed by Plaintiffs to re-register the domain names in Plaintiffs' names and under Plaintiffs' ownership.

5.    For an award of statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per infringed work, arising from Defendants' willful violations of Plaintiffs' rights under the Copyright Act or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages, including Defendants' profits from infringement, in amounts to be proven at trial.

6.    For an award of damages pursuant to 15 U.S.C. § 1117 arising from Defendants' willful violations of Plaintiffs' Marks, as well as profits realized by Defendants by reason of those violations, in a sum not exceeding three times the amount thereof as provided by law.

7.    For an accounting, the imposition of a constructive trust, restitution of Defendants' unlawful proceeds from copyright infringement, and damages according to proof.

8.    For Plaintiffs' costs and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505, Sections 34-39 of the 1946 Trademark Act and otherwise.

9.    For prejudgment and post-judgment interest; and

10.   For such other relief as the Court may deem just and proper.

DATED: New York, NY
       February 6, 2017

Respectfully submitted,

JENNER & BLOCK LLP

By: _____
Kenneth L. Doroshow (KD-8374)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6027
Facsimile: (202) 639-6066

Lori B. Day (LD-1197)
919 Third Avenue
37th Floor
New York, NY 10022
Telephone: (212) 407-1772
Facsimile: (212) 891-1699

MOTION PICTURE ASOCIATION OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice Pending*)
karen_thorland@mpaa.org
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Telephone: (818) 935-5812

*Attorneys for Plaintiffs*