JUDGE MARRERO    ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 9 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; and VIACOM INTERNATIONAL, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> PHAT BUI and DOES 1-10, D/B/A PUBFILM.COM, PUBFILMNO1.COM, PUBFILMHD.COM, PIDTV.COM, TOP100FILM.COM, and IDMCA.NET, <br><br> *Defendants.* | 17 CV 875 <br><br> CIVIL ACTION NO. _____ <br><br> [~~PROPOSED~~] <br> **TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** <br><br> **[FILED UNDER SEAL]** |

Plaintiffs Warner Bros. Entertainment Inc., Twentieth Century Fox Film Corporation; Columbia Pictures Industries, Inc., Universal City Studios LLC, Universal Studios Home Entertainment LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, and Viacom International, Inc. (collectively, "Plaintiffs") have filed a Complaint against Defendants Phat Bui and Does 1-10, d/b/a PUBFILM.COM, PUBFILMNO1.COM, PUBFILMHD.COM, PIDTV.COM, TOP100FILM.COM, and IDMCA.NET (collectively "Defendants"), alleging violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and seeking injunctive and other relief thereunder.

Plaintiffs have moved *ex parte* for a Temporary Restraining Order, Seizure Order, and an Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65,

15 U.S.C. § 1116 (Section 34 of the Lanham Act), 17 U.S.C. § 502 (Copyright Act), and this Court's inherent equitable powers.

Having reviewed the papers, declarations, exhibits, and memorandum of law, the Court hereby makes the following findings of fact and conclusions of law:

1. Plaintiffs have demonstrated that they are entitled to the injunctive relief sought by establishing that they are suffering irreparable harm, that they are likely to succeed on the merits of their claims, and that the public interest favors the entry of an injunction.

2. With respect to the likelihood of success on the merits of Plaintiffs' copyright infringement claims, Plaintiffs have demonstrated that they are likely to succeed in showing that they own or exclusively control copyrights in the motion picture and/or television programs at issue in this lawsuit ("Plaintiffs' Works"), including the copyrights identified in Exhibit A to the Complaint, and that those copyrights are valid and entitled to protection.

3. Further with respect to likelihood of success on the merits of Plaintiffs' copyright claim, Plaintiffs have demonstrated that they are likely to succeed in showing that Defendants, through the websites resolving at the domain names PUBFILM.COM, PUBFILMNO1.COM, PUBFILMHD.COM, PIDTV.COM, TOP100FILM.COM, and IDMCA.NET (collectively, the "PubFilm Websites"), are engaging in direct and secondary copyright infringement of Plaintiffs' copyrights in Plaintiffs' Works.

4. With respect to the likelihood of success on the merits of their Lanham Act claims, Plaintiffs have demonstrated that they are likely to succeed in showing that they are the owners of all right, title, interest, and all goodwill in the trademarks at issue in this lawsuit ("Plaintiffs' Marks"), including the trademarks identified in Exhibit B to the Complaint, and that Plaintiffs' Marks are valid and protected by federal registration.

5. Further with respect to the likelihood of success on the merits of their Lanham Act claims, Plaintiffs have demonstrated that they are likely to succeed in showing that: (a) Defendants unlawfully distribute and/or market, through the PubFilm Websites, unauthorized copies of Plaintiffs' Works using, in part, exact infringing copies of Plaintiffs' Marks, (b) Defendants' use of Plaintiffs' Marks is likely to cause confusion, and (c) Plaintiffs did not consent to Defendants' use of Plaintiffs' Marks.

6. There is good cause to believe that, unless the Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from the Defendants' ongoing violations.

7. Defendants have attempted to conceal their identities, including through the use of aliases and purposely deceptive contact information associated with their operations.

8. If Plaintiffs were to proceed on notice to Defendants, Defendants would likely destroy, move, hide, or otherwise make the PubFilm Websites and business records relating thereto inaccessible to the Court, thus frustrating the ultimate relief Plaintiffs seek in this action.

9. Plaintiffs' immediate and irreparable harm from denial of the requested *ex parte* order would outweigh any harm to Defendants' legitimate interests from granting such an order.

10. Plaintiffs have represented that they have not publicized the requested seizure.

11. Entry of an order other than an *ex parte* order temporarily restraining the PubFilm Websites and seizing the PubFilm Websites' domain names would not adequately achieve the purposes of the Lanham Act and Copyright Act to preserve Plaintiffs' equitable remedies for trademark and copyright infringement, nor would it adequately protect Plaintiffs from the ongoing, mass-scale infringement of their copyrights and trademarks through the PubFilm Websites.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants show cause on or before

the 17th day of February 2017, at 9:15 a.m. ~~/p.m. or as soon thereafter as counsel can be heard~~, in Courtroom 11-B, in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, (before the Hon. Victor Marrero,) why an order pursuant to Federal Rule of Civil Procedure 65, Section 34 of the Lanham Act, Section 502 of the Copyright Act, and this Court's inherent equitable powers should not be entered granting Plaintiffs a preliminary injunction enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them, from:

    a. Hosting, linking to, distributing, reproducing, copying, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of Plaintiffs' Works or any portion(s) thereof in any form;

    b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party (i) to copy, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, display or otherwise use or exploit in any manner any of Plaintiffs' Works or portion(s) thereof; or (ii) to make available any of Plaintiffs' Works for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing or displaying, or for any other use or means of exploitation;

    c. Using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the distribution or advertising of any unauthorized copies of Plaintiffs' Works;

    d. Committing any acts calculated to cause users to believe that the copies of Plaintiffs' Works available through the PubFilm Websites are authorized copies sponsored by,

approved by, connected with, guaranteed by, or distributed under the control and/or supervision of Plaintiffs;

e. Otherwise infringing Plaintiffs' Works, Plaintiffs' Marks, and/or damaging Plaintiffs' goodwill;

f. Transferring, performing any function or taking any step that results in the transfer of the registration of any of the domain names of the PubFilm Websites (the "PubFilm Domain Names") to any other registrant or registrar; and

g. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(f).

**IT IS FURTHER ORDERED** that, pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants, including their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them having knowledge of this Order by service, actual notice or otherwise be, and they are hereby, temporarily restrained from:

a. Committing any of the acts set forth in subparagraphs a-g above; and

b. Moving, destroying, or otherwise disposing of any computer files, electronic files, business records, or documents related to the PubFilm Websites, the PubFilm Domain Names, and/or Defendants' assets and operations.

**IT IS FURTHER ORDERED** that, with respect to the PubFilm Domain Names, all domain name registries and registrars for each of the PubFilm Domain Names, including without limitation the top-level domain registry VeriSign, Inc. and the domain registrars Enom, Inc., and GoDaddy.com LLC, shall:

a. Disable the PubFilm Domain Names, through a registry hold or otherwise, and prevent their transfer to anyone other than Plaintiffs;

b. Preserve all evidence that may be used to identify the Defendants using the PubFilm Domain Names; and

c. Refrain from providing any notice or warning to, or communicating in any way with, Defendants or Defendants' representatives and refrain from publicizing this Order until this Order is executed in full and unsealed by the Court, except as necessary to communicate with domain registrars and registries to execute this Order.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction.

**IT IS FURTHER ORDERED** that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of $25,000 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder.

**IT IS FURTHER ORDERED** that Plaintiffs may complete service of process on Defendants of this Order, together with the Summons and Complaint, by electronic mail, and that such service shall be made on or before two (2) business days following the successful completion by domain registrars Enom, Inc. and GoDaddy.com LLC and top-level domain registry administrator VeriSign, Inc. of the actions required above.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel file with the Court within ten (10) days after the Order is executed, an affidavit or declaration setting forth: (a) the date on which the Order was executed, which shall be not be later than seven (7) days after the issuance of this Order; (b) the date and means with which Defendants were served with a copy of this Order; (c)

a description of the domain name, websites, and any other assets that were disabled and /or restrained.

**IT IS FURTHER ORDERED** that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets.

**IT IS FURTHER ORDERED** that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon Plaintiffs' attorneys by delivering copies thereof to the offices of Jenner & Block, 1099 New York Ave., N.W. Suite 900, Washington, DC 20001, Attention: Kenneth L. Doroshow, Esq., before 5 p.m. on February 17, 2017. Any reply shall be filed and served by Plaintiffs at the hearing; and

**IT IS FURTHER ORDERED** that this action shall remain sealed by the Court until the earliest the date for hearing on the Order to Show Cause set forth above;

**IT IS SO ORDERED**

Entered this 7th day of February, 2017.

Paul A. Engelmayer
United States District Judge, sitting in Part One

PJS

7

********** -COMM. JOURNAL- ******************** DATE FEB-13-2017 ***** TIME 13:06 **********

```
       MODE = MEMORY TRANSMISSION           START=FEB-13 13:02    END=FEB-13 13:06

       FILE NO.=025

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.    PAGES      DURATION

  001      OK        ☎         912026614855         008/008    00:02:31
  002      OK        ☎         912026396066         008/008    00:01:32
```

                                                        -JUDGE VICTOR MARRERO       -

********************************** -212 805 6382    - ***** -     212 805 6382- **********

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
NEW YORK, NEW YORK 10007
Telephone: (212) 805-6374
Fax No.: (212) 805-6382

CHAMBERS OF
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

# FAX COVER SHEET
## 2017
**Date:** February 13

| TO: | ORGANIZATION: | FAX NUMBER |
|---|---|---|
| Kenneth Doroshow, Esq. | | 202-661-4855 |
| | | 202-639-6066 |
| | | |
| | | |
| | | |

**FROM:** **JUDGE VICTOR MARRERO**

**NO. OF PAGES : 8**
(including cover page)

**MESSAGE:** It is ORDERED that counsel to whom this Order is sent is responsible for faxing/mailing copy to all counsel and retaining verification of such in the case file. DO NOT FAX SUCH VERIFICATION TO CHAMBERS.

CONFIDENTIALITY NOTE: This facsimile is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this facsimile or the information herein by anyone other than the intended recipient is prohibited. If you have received this facsimile in error, please notify us immediately by telephone or return the facsimile by mail.