UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; and VIACOM INTERNATIONAL, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHAT BUI and DOES 1-10, D/B/A PUBFILM.COM, PUBFILMNO1.COM, PUBFILMHD.COM, PIDTV.COM, TOP100FILM.COM, and IDMCA.NET, <br><br> *Defendants*. | CIV. A. NO. 17-CV-875 (VM) <br><br> **DECLARATION OF KENNETH L. DOROSHOW IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

I, Kenneth L. Doroshow, declare as follows:

1. I am a member in good standing of the Bar of this Court and a partner with the law firm of Jenner & Block LLP, attorneys for Plaintiffs in the above-captioned action. The statements made in this declaration are based upon my personal knowledge or upon information provided to me by personnel working under my supervision that I believe to be correct.

**BACKGROUND AND PROCEDURAL HISTORY**

2. Plaintiffs commenced this action on February 6, 2017, with the filing of a Summons, Complaint, and *Ex Parte* Application for a Temporary Restraining Order, Seizure Order, and Order to Show Cause for Preliminary Injunction (the "TRO Application") against Defendants Phat Bui and Does 1-10, d/b/a PubFilm.com, PubFilmNo1.com, PubFilmHD.com,

PidTV.com, Top100film.com, and iDMCA.net (collectively, "Defendants"). As explained in the TRO Application and supporting declarations, Defendants own and operate several interconnected websites under the names "PubFilm" and "PidTV" (the "PubFilm Websites"), and whose purpose is to profit from the infringement of copyrighted works. As further explained in the TRO Application, Plaintiffs are businesses that, either directly or through their affiliates, are responsible for creating and distributing some of the most popular and critically-acclaimed motion pictures and television shows in the world. Through the PubFilm Websites, Defendants have illegally reproduced, streamed, distributed, displayed and facilitated the further reproduction and distribution of vast numbers of unauthorized copies of works whose copyrights Plaintiffs own or exclusively control and which bear Plaintiffs' famous and highly-distinctive trademarks. Plaintiffs commenced this action to stop Defendants' copyright infringement, trademark infringement, and use of false designation of origin and unfair competition, and to recover damages therefrom.

3. On February 7, 2017, the Part I Judge of this Court granted Plaintiffs' TRO Application and enjoined Defendants and all persons in active concert and participation with Defendants from infringing Plaintiffs' copyrights and trademarks (hereinafter the "TRO"). *See* Dkt. No. 27. At the time of the filing of the Complaint and TRO Application, the PubFilm Websites were located at PubFilm.com, PubFilmno1.com, PubFilmhd.com, PidTV.com, Top100film.com, and Idmca.net (previously, the "PubFilm Domain Names"). The TRO required that all domain name registries and registrars for each of the PubFilm Domain Names—including without limitation the top-level domain registry VeriSign, Inc. ("VeriSign") and the domain registrars Enom, Inc. ("Enom") and GoDaddy.com LLC ("GoDaddy")—disable the PubFilm Domain Names and prevent their transfer to anyone other than Plaintiffs. *Id.*

4. Plaintiffs received notice that the TRO had been issued on February 13, 2017. *See*

Dkt. No. 40.  Plaintiffs served VeriSign, Enom, and GoDaddy with a copy of the TRO that day.  S*ee id.*  VeriSign, Enom, and GoDaddy complied with the TRO.  VeriSign, the domain registry responsible for (among other things) the administration of the ".com" and ".net" top-level domains, placed a domain lock and hold on the then-operative PubFilm Domain Names, the effect of which was to disable access to the PubFilm Websites at those domain names.  *See id.*; Dkt. No. 38 ¶ 23.  Additionally, Enom placed the domain names PubFilm.com and Idmca.net on registry lock and hold, and on administrative freeze; and GoDaddy placed the domain name PidTV.com on administrative lock.  *See* Dkt. No. 40 ¶¶ 2-4.

5.   On February 15, 2017, upon confirming that the lock was effective, Plaintiffs served Defendants with a copy of the TRO, as well as the Summons and Complaint, by electronic mail at the email addresses admin@pubfilm.com, mrwhit321@gmail.com, sand_pox@yahoo.com, quangphatbui@gmail.com, sighlove01@gmail.com, and pidtv@domainsbyproxy.com, pursuant to the TRO.  *See* Dkt. No. 40; Dkt. No. 38 ¶ 3.  Proof of Service was filed with the Court on February 22, 2017.  *See* Dkt. No. 40.

6.   Defendants failed to file any response thereto or otherwise appear in the action.  Furthermore, Defendants openly flouted the TRO.  As described in the Supplemental Declaration of Bob Brasich, Defendants began to reconstruct the PubFilm website for hosting on two new domain names (PubFilm.cc and PubFilm.net) within hours after the domain names were disabled, and then moved the PubFilm site to those new domain names, with the same infringing content that was previously made available at PubFilm.com and PidTV.com.  *See* Dkt. No. 38 *¶¶* 4-7; *see also* Dkt. No. 42 ¶ 2.

7.   On February 17, 2017, this Court held a hearing on the order to show cause for preliminary injunction.  Despite having been served with the TRO, Defendants failed to appear for

the preliminary injunction hearing.  *See* Dkt. No. 39; Dkt. No. 42 ¶ 2.  The Court converted the TRO to a Preliminary Injunction, and expanded the definition of the "PubFilm Websites" and "PubFilm Domain Names" therein to also include PubFilm.cc and PubFilm.net, the domain names to which Defendants had moved their infringing operations.  *See* Dkt. No. 39.

8.  Immediately upon receipt of the Court's Preliminary Injunction, Plaintiffs served a copy of the Preliminary Injunction on VeriSign—the domain registry responsible for (among other things) the administration of the ".net" and ".cc" top-level domains—requesting that VeriSign disable the PubFilm.cc and PubFilm.net domain names, as required by the Court's Order.  Second Supp. Brasich Decl. ¶ 4, Dkt. 43.  VeriSign complied with the Preliminary Injunction, and implemented a registry lock on the PubFilm.cc and PubFilm.net domain names, the effect of which was to disable access to the PubFilm Websites at those additional domain names as well.  Second Supp. Brasich Decl. ¶ 4, Dkt. 43.

9.  On February 24, 2017, after confirming VeriSign's compliance with the Preliminary Injunction, Plaintiffs served Defendants with a copy of the Preliminary Injunction by email to the email addresses quangphatbui@gmail.com, sighlove01@gmail.com, pidtv.com@domainsbyproxy.com, and mrwhit321@gmail.com.  Plaintiffs received no response to service of the Preliminary Injunction.

10.  Defendants again moved their unlawful operations to new locations in direct response to the disabling of the PubFilm.cc and PubFilm.net domain names, now using newly-registered domain names PubFilm.ac and PubFilm.is.  *See* Dkt. No. 43 ¶¶ 6-8.  Defendants also assigned new domain and sub-domain names (Player.Pub77.com, Pub77.com, Player.PubFilm.ac) to the websites that host the in-page video player that allows users of the PubFilm Websites to view and download unauthorized copies of Plaintiffs' copyrighted motion pictures and television

shows. *Id.*

11.     Plaintiffs submitted evidence of Defendants' ongoing operations in violation of this Court's Orders, and requested that the Court amend the definition of the "PubFilm Websites" set forth in the Preliminary Injunction to include (in addition to all previously-identified websites) PubFilm.ac, PubFilm.is, Pub77.com, and the websites located at two Internet Protocol ("IP") addresses and resolving at that time at the domain names Pub77.com, Player.Pub77.com, and Player.PubFilm.ac. *See* Plaintiffs' *Ex Parte* Application for an Order Amending the Prelim. Inj. To Include Defendants' New Domain Names, Dkt. No. 41; Second Supp. Brasich Decl., Exs. A-D.[1] On February 28, 2017, this Court issued an Order amending the definition accordingly, again directing service upon Defendants by email, and ordering that the case be unsealed 5 business days following the filing of Proof of Service (the "February 28 Order"). *See* Dkt. No. 44. The February 28 Order also clarified that Namecheap Inc. ("Namecheap"), the domain name registrar for Pub77.com and Player.Pub77.com, was among the domain name registrars required to take action pursuant to the amended Preliminary Injunction. *See* Dkt. No. 44. Otherwise, the February 28 Order restated the terms of the Preliminary Injunction. *See generally* Dkt. No. 44; Dkt. No. 39.

12.     On February 28, 2017, immediately upon receiving a copy of the February 28 Order, Plaintiffs served that Order on the webhosting companies responsible for hosting Defendants' Player.Pub77.com website, namely: DigitalOcean, Inc. ("DigitalOcean") (by email to legal@digitalocean.com), and Vultr Holdings LLC via Choopa, LLC ("Vultr/Choopa") (by email to abuse@choopa.com and support@choopa.com). *See* Dkt. No. 46. At the direction of an employee of Vultr Holdings LLC via a telephone call I placed on March 2, 2017 in an effort to

---

[1] Exhibits A-D to the Second Supplemental Brasich Declaration can be found on the Court's docket at Dkt. Nos. 38-1 to 38-4, even though they were filed to accompany the declaration docketed at Dkt. No. 43.

reach a point of contact, Plaintiffs again served the February 28 Order on Vultr/Choopa by email to legal@vultr.com, on March 2, 2017. *See id.* On March 6, 2017, Plaintiffs served the February 28 Order on VeriSign and Namecheap. *See id.* Namecheap and VeriSign complied with the February 28 Order by suspending and placing a registry lock and hold on the Pub77.com domain name. *See* Dkt. No. 46. On or around March 7, 2017, Vultr/Choopa ceased providing services to Defendants and, on March 16, 2017, DigitalOcean did the same, disrupting the PubFilm video player.

13. On March 6, 2017, following Namecheap and VeriSign's confirmation of their compliance with the February 28 Order, Plaintiffs served the February 28 Order on Defendants by email to the email addresses mrwhit321@gmail.com, quangphatbui@gmail.com, sighlove01@gmail.com, pubfilm@protonmail.com, and pidtv@domainsbyproxy.com. Dkt. No. 46. Proof of Service was filed on March 7, 2017. *See* Dkt. No. 46. Plaintiffs received no response to service of the February 28 Order.

14. Also on March 6, 2017, Plaintiffs informed the Court of a typographical error in the Second Supplemental Brasich Declaration filed in support of the February 28 Order, and consequently in the February 28 Order—a transposition of two digits in the IP address for the server provided by Vultr/Choopa—and requested that the Court enter a proposed Corrected Order. *See* Plaintiffs' Application for an Order Correcting a Typographical Error in the Amended Preliminary Injunction, Dkt. No. 45. On March 7, 2017, this Court entered the Corrected Order. *See* Dkt. No. 52.

15. On March 8, Plaintiffs served Defendants with a copy of the March 7 Corrected Order by email to the email addresses mrwhit321@gmail.com, quangphatbui@gmail.com, sighlove01@gmail.com, pubfilm@protonmail.com, and pidtv@domainsbyproxy.com. Plaintiffs

received no response to service of the March 7 Corrected Order.

16. On March 8, 2017, Plaintiffs informed the Court that Plaintiffs did not oppose the unsealing of the case, and that the Court need not wait until 5 days following proof of service to do so. *See* Dkt. No. 13. The Court ordered the case unsealed on March 9, 2017. *See* Dkt. No. 13.

17. In the months that followed, Defendants moved the PubFilm Websites to still other domain names, including PUBFILM.IO, PUBFILM.EU, PUBFILM.RU, and PUBFILM.SU. Plaintiffs contacted several other third parties responsible for the administration of various services to the PubFilm Websites, including other domain registries and providers of DNS and proxy services. Eventually, the domain registry for the ".io" domain suspended the PUBFILM.IO domain name and certain providers of DNS and proxy services to the PUBFILM.AC website terminated their services, the effect of which was to disable access to the PubFilm Websites at the PUBFILM.IO and PUBFILM.AC domain names. As of today, the Defendants continue to operate their infringing PubFilm Websites through the domain names PUBFILM.IS, PUBFILM.EU, PUBFILM.RU and PUBFILM.SU, as well as through the websites located at the Internet Protocol ("IP") addresses 81.17.21.18 and 95.215.46.191 and currently resolving at those same domain names.

18. To date, Defendants have failed to submit any answering papers in this action. Defendants are, therefore, in default by over ten months.

**THE APPLICATION FOR DEFAULT JUDGMENT**

19. Attached as Exhibit A is a true and correct copy of the Clerk's Certificate of Default, entered on December 22, 2017. *See* Dkt. No. 58.

20. Attached hereto as Exhibit B is a true and correct copy of the Summons and Complaint filed in this Action. *See* Dkt. Nos. 16 to 16-2, 20.

21. Jurisdiction of the subject matter is based on 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), 15 U.S.C. §§ 1116 and 1121, and 17 U.S.C. § 502.

22. As explained in further detail in Plaintiffs' Memorandum of Law filed herewith and in Plaintiffs' Memorandum of Law in Support of Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order, Seizure Order, and Order to Show Cause for Preliminary Injunction (*see* Dkt. No. 22 at 31-36), the Court's exercise of personal jurisdiction over Defendants is proper pursuant to at least N.Y. C.P.L.R. §§ 302(a)(1) and 302(a)(3)(ii).

23. Attached as Exhibit C is a proposed Default Judgment and Permanent Injunction.

24. As set forth in Plaintiffs' Memorandum of Law filed herewith, Plaintiffs seek an award of maximum statutory damages under the Copyright Act for willful infringement of their copyrights under 17 U.S.C. § 504(c) in the amount of $19,800,000—$150,000 for each of the 132 Works identified in the Complaint. No part of the judgment sought has been paid.

25. An evidentiary hearing regarding damages is not required as the uncontested evidence filed in support of Plaintiffs' TRO Application readily establishes the bases for the statutory damage award specified in the default judgment. For example, Plaintiffs' declarations establish their ownership of the copyrighted works at issue, along with Defendants' infringement of those works. *See, e.g.*, Dkt. Nos. 24-32. When addressing statutory damages in the default context, courts in this district commonly conduct an inquiry into damages based on such written submissions alone. *See, e.g.*, *Manno v. Tenn. Production Ctr., Inc.*, 657 F. Supp. 2d 425, 431 (S.D.N.Y. 2009) (conducting inquiry into damages based on parties' written submissions and finding defendant's conduct demonstrated willfulness in determining statutory damages); *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124-25 (S.D.N.Y. 2003) (awarding statutory damages based on plaintiffs' written submissions).

26.     Plaintiffs further seek an award of reasonable fees and costs as provided for under 17 U.S.C. § 505 and 15 U.S.C. § 1117(a). As explained in Plaintiffs' Memorandum of Law filed herewith, an award of attorneys' fees and costs is warranted in light of Defendants' default and willful conduct. *See Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 634 (S.D.N.Y. 2011); *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*, No. 04 Civ. 6189 (JFK), 2008 WL 3906889, at *17 (S.D.N.Y. Aug. 21, 2008). Plaintiffs will seek leave to prove their reasonable attorneys' fees and costs in a forthcoming submission.

27.     Plaintiffs also seek a permanent injunction. As explained in Plaintiffs' Memorandum of Law, Plaintiffs have demonstrated that they have suffered irreparable injury. Additionally, an award of damages alone would likely be ineffective in preventing further infringement, as Defendants have refused to appear in the case and they operate outside the United States. As far as Plaintiffs have been able to determine, Defendants operate the PubFilm Websites from Vietnam. Furthermore, Defendants appear to have no legitimate business activities that would be harmed by an injunction—their infringing activities appear to be the entirety of their business.

28.     On January 17, 2018, I served Defendants with Plaintiffs' Application for Entry of a Default Judgment and Permanent Injunction and all supporting memoranda, declarations, and exhibits by email at the email addresses mrwhit321@gmail.com, quangphatbui@gmail.com, sighlove01@gmail.com, pubfilm@protonmail.com, and pidtv@domainsbyproxy.com, *see* Dkt. Nos. 37, 44, 52.

29.     There is no indication or reason to believe that Defendants are minors, mentally incompetent, or in the military service of the United States of America. *See* Dkt. No. 24 ¶¶ 20-27.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed: January 17, 2018

    Washington, D.C.

_____
Kenneth L. Doroshow (KD-8374)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6027
Facsimile: (202) 639-6066