UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC.; TWENTIETH CENTURY FOX FILM CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; UNIVERSAL CITY STUDIOS LLC; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; and VIACOM INTERNATIONAL, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> PHAT BUI and DOES 1-10, D/B/A PUBFILM.COM, PUBFILMNO1.COM, PUBFILMHD.COM, PIDTV.COM, TOP100FILM.COM, and IDMCA.NET, <br><br> *Defendants.* | CIV. A. NO. 17-CV-875 (VM) <br><br> **DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 1/8/18 |

VICTOR MARRERO, District Judge:

**THIS MATTER** is before me on the request of Plaintiffs Warner Bros. Entertainment Inc.; Twentieth Century Fox Film Corporation; Columbia Pictures Industries, Inc.; Universal City Studios LLC; Universal Studios Home Entertainment LLC; Disney Enterprises, Inc.; Paramount Pictures Corporation; and Viacom International, Inc. (collectively "Plaintiffs") for entry of a default judgment and permanent injunction. *See* Dkt. Nos. 59-61.

On February 6, 2017, Plaintiffs commenced this action against Defendants Phat Bui and Does 1-10, d/b/a PubFilm.com, PubFilmNo1.com, PubFilmHD.com, PidTV.com, Top100film.com, and iDMCA.net (collectively "Defendants"), asserting claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, trademark infringement

under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), and unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *See* Dkt. No. 16. Plaintiffs moved *ex parte* for a temporary restraining order, seizure order, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65, 15 U.S.C. § 1116, and 17 U.S.C. § 502 (the "TRO Application"). *See* Dkt. Nos. 20 & 21.

On February 7, 2017, this Court granted the TRO Application and entered a TRO against Defendants, their officers, agents, servants, employees, attorneys, and any persons in active concert and participation with them, and ordered Defendants to file and serve any answering papers on or before February 17, 2017 (the "TRO"). *See* Dkt. No. 37.

Plaintiffs received notice that the TRO had been issued on February 13, 2017. Plaintiffs served Defendants' domain name registry and domain name registrars with a copy of the TRO that day. *See* Dkt. No. 40.

On February 15, 2017, Plaintiffs served Defendants with a copy of the TRO, as well as the Summons and Complaint, by electronic mail at the email addresses admin@pubfilm.com, mrwhit321@gmail.com, sand_pox@yahoo.com, quangphatbui@gmail.com, sighlove01@gmail.com, and pidtv@domainsbyproxy.com, pursuant to the TRO. *See* Dkt. No. 37. Proof of Service was filed with the Court on February 22, 2017. *See* Dkt. No. 40.

On February 17, 2017, this Court held a hearing on the order to show cause, at which Defendants did not appear. The Court granted Plaintiffs' request for a preliminary injunction (the "February 17 Order"). *See* Dkt. No. 39. Following Plaintiffs' further request to amend the February 17 Order to add new domains that the Defendants had begun to use (*see* Dkt. No. 41), the Court entered an amended preliminary injunction on February 28, 2017 (the "February 28 Order"). Dkt. No. 44. Immediately thereafter, Plaintiffs served the February 28 Order on certain

2

webhosting companies and domain name registrars and registries to seek their compliance with the Order. *See* Dkt. No. 46. Once that compliance was confirmed, Plaintiffs, on March 6, 2017, served Defendants with a copy of the February 28 Order by electronic mail at the email addresses mrwhit321@gmail.com, quangphatbui@gmail.com, sighlove01@gmail.com, pubfilm@protonmail.com, and pidtv@domainsbyproxy.com. *See id.*

To date, Defendants have not answered the Complaint or otherwise appeared in the litigation in any manner. On December 22, 2017, the Clerk of Court entered a default against Defendants. Dkt. No. 58. On January 17, 2018, Plaintiffs moved for a final default judgment pursuant to Federal Rule of Civil Procedure 55(b).

This Court having found, upon a showing by Plaintiffs, *inter alia*, the following:

1. That Plaintiffs are the owners or exclusive licensees of copyrights in the Plaintiffs' Works listed in Exhibit A to the Complaint, and the Plaintiffs' copyrights are valid and entitled to protection;

2. That Defendants have engaged in willful direct and secondary copyright infringement through their operation of the websites PUBFILM.AC, PUBFILM.CC, PUBFILM.COM, PUBFILM.EU, PUBFILM.IS, PUBFILM.NET, PUBFILM.RU, PUBFILM.SU, PUBFILMNO1.COM, PUBFILMHD.COM, PUB77.COM, PIDTV.COM, TOP100FILM.COM, and IDMCA.NET, as well as the websites located at the Internet Protocol ("IP") addresses 81.17.21.18 and 95.215.46.191 and currently resolving at the domain names PUBFILM.IS, PUBFILM.EU, PUBFILM.RU and/or PUBFILM.SU (collectively the "PubFilm Websites"), as they have uploaded unauthorized copies of Plaintiffs' Works to servers that are used to publicly perform, distribute, and display these Works to users of the PubFilm Websites, and allow users

to download copies of Plaintiffs' Works directly to their computers, in violation of Plaintiffs' copyrights;

3. That Plaintiffs are the owners or exclusive licensees of all right, title, interest, and all goodwill in and to the Plaintiffs' Marks listed in Exhibit B to the Complaint, and that Plaintiffs' Marks are valid and protected by federal registration;

4. That Defendants have engaged in willful trademark infringement and the use of false designations of origin and unfair competition through their operation of the PubFilm Websites, as: (a) Defendants unlawfully distribute and/or market, through the PubFilm Websites, unauthorized copies of Plaintiffs' Works using, in part, exact infringing copies of Plaintiffs' Marks, (b) Defendants' use of Plaintiffs' Marks is likely to cause confusion, and (c) Plaintiffs did not consent to Defendants' use of Plaintiffs' Marks;

5. That Plaintiffs have suffered irreparable injury; that remedies available at law are inadequate to compensate Plaintiffs for that injury; that, considering the balance of the hardships between Plaintiffs and Defendants, a remedy in equity is warranted; and that a permanent injunction would be in the public interest;

The Court **HEREBY ORDERS** that Defendants are liable for willful copyright infringement under 17 U.S.C. § 504(c)(2), willful federal trademark infringement under 15 U.S.C. § 1114(1)(a), and the intentional use of false designation of origin and unfair competition under 15 U.S.C. § 1125(a), and that this Default Judgment and Permanent Injunction Order is entered against Defendants.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(d), 17 U.S.C. § 502, 15 U.S.C. §§ 1116 & 1125, 28 U.S.C. § 1651(a), and this Court's inherent equitable powers, Defendants, their officers, agents, servants, employees, attorneys, and any

4

persons in active concert and participation with them are permanently enjoined and restrained from:

1. Hosting, linking to, distributing, reproducing, copying, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of Plaintiffs' Works (as defined in the February 17 Order, Dkt. No. 39) or any portion(s) thereof in any form;

2. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages, or induces any user or other third party (i) to copy, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, display, or otherwise use or exploit in any manner any of Plaintiffs' Works or portion(s) thereof; or (ii) to make available any of Plaintiffs' Works for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing or displaying, or for any other use or means of exploitation;

3. Using Plaintiffs' Marks (as defined in the February 17 Order, Dkt. No. 39) or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks in connection with the distribution or advertising of any unauthorized copies of Plaintiffs' Works;

4. Committing any acts calculated to cause purchasers to believe that copies of Plaintiffs' Works available through the PubFilm Websites are authorized copies sponsored by, approved by, connected with, guaranteed by, or distributed under the control and supervision of Plaintiffs;

5

5. Otherwise infringing Plaintiffs' Works, Plaintiffs' Marks, and/or damaging Plaintiffs' goodwill;

6. Transferring, performing any function or taking any step that results in the transfer of the registration of any of the domain names of the PubFilm Websites (the "PubFilm Domain Names") to any other registrant or registrar;

7. Moving, destroying, or otherwise disposing of any computer files, electronic files, business records, or documents related to the PubFilm Websites, the PubFilm Domain Names, and/or Defendants' assets and operations; and

8. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1)-(7).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(d), 17 U.S.C. § 502, 15 U.S.C. §§ 1116 & 1125, 28 U.S.C. § 1651(a), and this Court's inherent equitable powers, and in order to give practical effect to the Permanent Injunction, with respect to the PubFilm Domain Names, all domain name registries and registrars for each of the PubFilm Domain Names shall:

1. Disable the PubFilm Domain Names, through a registry hold or otherwise, and prevent their transfer to anyone other than Plaintiffs; and

2. Transfer immediately the PubFilm Domain Names to a registrar to be appointed by Plaintiffs to re-register the domain names in Plaintiffs' names and under Plaintiffs' ownership.

**IT IS FURTHER ORDERED** that, pursuant to 17 U.S.C. § 504(c), Plaintiffs are awarded statutory damages for willful copyright infringement in the amount of one hundred and fifty thousand dollars and no cents ($150,000.00) for each of the one hundred thirty-two (132) works

infringed by Defendants for a total award of statutory damages in the amount of nineteen million, eight hundred thousand dollars and no cents ($19,800,000.00); and

**IT IS FURTHER DECLARED** that, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees and costs; and the Court shall therefore retain jurisdiction to determine the reasonable amount of such fees and costs based upon a motion to be filed by Plaintiffs, along with the necessary supporting documentation in accordance with the Federal and Local Rules.

**IT IS FURTHER ORDERED** that the bond posted by Plaintiffs is hereby released; and

**IT IS FINALLY ORDERED** that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation, enforcement, and/or modification of this Default Judgment and Permanent Injunction.

This is a **FINAL JUDGMENT**.

**SIGNED** this 18 day of January, 2018.

VICTOR MARRERO
United States District Judge